# EXHIBIT C

**CONSOLE MATTIACCI LAW, LLC**

Stephen G. Console, Esquire
Colin Patrick Saltry, Esquire
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 814-8920 (fax)
*Attorneys for Plaintiff*

**THIS IS** <u>NOT</u> **AN ARBITRATION MATTER**
**JURY TRIAL** <u>IS</u> **DEMANDED**
**ASSESSMENT OF DAMAGES** <u>IS REQUIRED</u>

*Filed and Attested by the*
*Office of Judicial Records*
*23 JAN 2023 12:39 pm*
*...DISTRICT OF...*

---

**LISA FLYNN**,
Philadelphia, PA 19016

                Plaintiff,

      v.

**KARL STORZ ENDOSCOPY-AMERICA, INC.**
2151 E. Grand Avenue
El Segundo, CA 90245

---

              Defendant.

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF
PENNSYLVANIA

OCTOBER TERM, 2022

NO. <u>01141</u>

---

## <u>COMPLAINT</u>

### <u>NOTICE TO DEFEND</u>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association Lawyer Referral & Information Service
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

<u>AVISO</u>

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comprendía escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones, a las demandes en contra de su persona. Sea avisado que si usted no se defiende, a la corte tomara medidas y pues continuar la demanda en contra suya sin previo avisa o notificación. Además, la corte puede decidir a favor del demandante uy requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por teléfono a la oficina cuya dirección se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

De Filadelfia Servicio De Referencia E Información Legal
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

Case ID: 221001141

**CONSOLE MATTIACCI LAW, LLC**

Stephen G. Console, Esquire
Colin Patrick Saltry, Esquire
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 814-8920 (fax)
*Attorneys for Plaintiff*

**THIS IS <u>NOT</u> AN ARBITRATION MATTER
JURY TRIAL <u>IS</u> DEMANDED
ASSESSMENT OF DAMAGES <u>IS</u> REQUIRED**

---

**LISA FLYNN**,
Philadelphia, PA 19016

                Plaintiff,

        v.

**KARL STORZ ENDOSCOPY-AMERICA, INC.**
2151 E. Grand Avenue
El Segundo, CA 90245

---

           Defendant.

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF
PENNSYLVANIA

OCTOBER TERM, 2022

NO. <u>01141</u>

## <u>COMPLAINT</u>

## I.    <u>INTRODUCTION</u>

Plaintiff, Lisa Flynn, bring claims against Defendant, her former employer KARL STORZ Endoscopy-America, Inc., for unlawful sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code § 9-1100, *et seq.* ("PFPO"). Plaintiff seeks damages, including economic loss, compensatory and punitive damages, costs, attorneys' fees, and all other relief that this Court deems appropriate.

## II.    <u>PARTIES</u>

1.    Plaintiff, Lisa Flynn, is an individual and citizen of the Commonwealth of Pennsylvania. She resides in Philadelphia, Pennsylvania.

Case ID: 221001141

2.      Plaintiff is female.

3.      Defendant, KARL STORZ Endoscopy-America, Inc. ("KSEA," "KARL
STORZ," or "Defendant"), is a corporation organized under the laws of the State of California.
Defendant is headquartered at 2151 E. Grand Avenue, El Segundo, California 90245.

4.      Defendant is engaged in an industry affecting interstate commerce, and, at all
relevant times, has regularly conducted business in the Commonwealth of Pennsylvania.

5.      At all times relevant and material hereto, Defendant employed more than fifteen
(15) individuals.

6.      At all times relevant and material hereto Defendant acted by and through its
authorized agents and/or employees acting within the course and scope of their employment with
Defendant and in furtherance of its business.

7.      At all times relevant and material hereto, Defendant was Plaintiff's "employer"
within the meanings of Title VII, the PHRA, and the PFPO.

8.      At all times relevant and material hereto, Plaintiff was an "employee" of
Defendant within the meanings of Title VII, the PHRA, and the PFPO.

**III.    JURISDICTION AND VENUE**

9.      The causes of action which form the basis of this matter arise under Title VII, the
PHRA, and the PFPO.

10.     Jurisdiction is proper in this Court pursuant to 42 Pa.C.S. §5301, *et seq*., because
Defendant carries on continuous and systematic business within Pennsylvania, has caused harm
or injury by act or omission in Pennsylvania, or otherwise has purposefully directed activities at
Pennsylvania residents and purposefully availed itself of the privilege of conducting activities
within Pennsylvania.

Case ID: 221001141

11.     Venue is proper in the First Judicial District of Pennsylvania pursuant to Pa.R.Civ.P. 2179(a) because, *inter alia*, Defendant regularly conducts business in Philadelphia County and/or the cause of action arose in Philadelphia County and/or a transaction or occurrence out of which the cause of action arose took place in Philadelphia County.

12.     On or about November 5, 2018, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC") complaining of the acts of discrimination and retaliation alleged herein ("Charge"). The Charge was cross-filed with the Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the Charge filed with the PHRC (with personal identifying information redacted).

13.     On or about July 19, 2022, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto and marked as Exhibit "2" is a true and correct copy of the Notice (with personal identifying information redacted).

14.     Plaintiff commenced this action by Writ of Summons filed on October 13, 2022.

15.     Plaintiff has fully complied with all administrative prerequisites for commencement of this action.

## IV.     FACTUAL ALLEGATIONS

16.     Plaintiff began working for Defendant on or about August 25, 2006, as a Project Manager, OR1 Field Operations Mid-Atlantic Region.

17.     Plaintiff consistently performed her job duties in a highly competent manner.

18.     Plaintiff worked out of her home office in Philadelphia, Pennsylvania.

19.     From the date of her hire until about 2009, Plaintiff reported to Jamie Brandt (male), Area Manager.

3

Case ID: 221001141

20.     Plaintiff reported to Jeff Ronniger (male), Area Manager OR1 Field Operations in the Eastern United States from 2009 until her termination from employment in October 2018.

21.     Ronniger reported to Doug Simmons (male), Executive Manager OR1.

22.     In September 2014, Plaintiff was promoted to Manager OR1 Field Operations Mid-Atlantic Region.

23.     Plaintiff was one (1) of two (2) female Manager employees directly reporting to Ronniger. The other three (3) Manager employees were male.

24.     Plaintiff was one (1) of two (2) female Managers of Field Operations at Defendant. The only other female Manager of Field Operations was hired in or about 2018.

25.     All of the employees reporting to Plaintiff were male.

26.     Defendant has an underrepresentation of female employees, particularly female employees in higher-ranking positions.

27.     For example, all of the employees holding an Area Manager position or higher in Field Operations are male.

28.     Defendant treated Plaintiff differently, and in a more hostile, dismissive, and critical manner, than it treated male and/or noncomplaining employees.

29.     Defendant treated male employees, including Plaintiff's male supervisor and male subordinates, more favorably than female employees, including Plaintiff.

30.     Defendant routinely undermined Plaintiff's authority, and Ronniger and Plaintiff's direct reports – all of whom were male – circumvented her with regard to, and excluded her from, information necessary to do her job.

31.     Plaintiff's male direct reports did not like reporting to her because she is female, and made complaints about her because she is female.

4

Case ID: 221001141

32.     Defendant validated and encouraged her male direct reports and male supervisor in unjustified and unwarranted complaints about her and her performance.

33.     For example, in May 2015 one of Plaintiff's direct reports accused her of "emasculating" him.

34.     Following an investigation into the May 2015 complaint, Defendant's Human Resources manager noted that Plaintiff is "well known" for being "emotional," despite concluding that allegations against Plaintiff were not substantiated.

35.     Likewise, the investigation noted that Plaintiff's manager and other installers who had direct interaction with her felt that when Plaintiff was "in one of her 'moods'" she could become "highly agitated and emotional", and that Plaintiff was "well meaning despite being highly emotional, overly hands-on and often a perfectionist."

36.     Plaintiff received positive reviews of her work performance in 2015, 2016, and 2017.

37.     In or about July 2018, Plaintiff spoke with Bethany Kucera (female), Human Resources Site Supervisor for Defendant, and complained about Ronniger's treatment of her, including that Ronniger undermined her attempts to manager her own team and that Ronniger did not have her back, among other issues.

38.     Plaintiff told Kucera that she felt Ronniger was attempting to terminate Plaintiff's employment.

39.     On or about August 23, 2018, in a meeting with Ronniger and Kucera, Defendant placed Plaintiff on a Performance Improvement Plan ("PIP").

40.     The PIP stated that "for the most part, the region has been successful and there have been few incidents and/or complaints," but that there had been a "significantly high

5

Case ID: 221001141

turnover rate during [Plaintiff's] leadership" and that "within the past several months" there have

been "an unusually high number of complaints regarding [Plaintiff's] management and treatment

of [Plaintiff's] direct reports and other coworkers," including that "others would rather not have

[Plaintiff] as a manager."

41.     The PIP contained false statements, inaccurate information, and/or

mischaracterizations.

42.     Before the August 23, 2018, meeting, Plaintiff had no indication that her job was

in jeopardy and for the twelve (12) years of her employment with Defendant had never received

any documentation stating that her performance was deficient.

43.     On September 13, 2018, in an email to Defendant, including Ronniger, Simmons,

Kucera, and Paul Brubaker (male), Human Resources Consultant, Plaintiff responded to the PIP

and complained of sex discrimination.

44.     Plaintiff stated that she was "writing to provide some background on, and

examples of, the manner in which I have been treated as a female manager."  Plaintiff

complained that "I believe that I am being discriminated against because of my sex, and that I am

being treated differently, and worse, than male employees are treated.  I am not shown the same

respect and support from my male supervisor and male direct reports as male managers in my

position are shown.  I am criticized, and more harshly, than male employees.  I believe that I

would not have been placed on this PIP if I were male."

45.     Following Plaintiff's complaints of sex discrimination, Ronniger was increasingly

aggressive, hostile, and critical toward her.

46.     On October 5, 2018, in a meeting with Brubaker and Kucera, Plaintiff was told

that Defendant concluded its investigation into her complaints of sex discrimination, that

6

Case ID: 221001141

Defendant found no evidence to support her allegations, and that Defendant will take no further action with regard to her sex discrimination complaints.

47.     Defendant failed to investigate Plaintiff's complaints that she was being discriminated against because of her sex by her male direct reports.

48.     On October 8, 2018, in a meeting with Brubaker, Kucera, and Ronniger, Plaintiff was unjustly criticized for not taking her PIP seriously and for allegedly bullying a male employee.

49.     The male employee's complaint of alleged bullying referred to Plaintiff as "hysterical."

50.     On October 9, 2018, Plaintiff received an email from Ronniger, stating that certain of her job duties and responsibilities, at the Hershey Medical Center, were being removed from her and given to Beau Chenard (male), Project Manager.  Chenard held a lower-level position, and had less experience, than Plaintiff.

51.     The stated reason for removing these job duties and responsibilities, and giving them to Chenard, was alleged complaints about Plaintiff.

52.     Defendant removed certain of Plaintiff's job duties and responsibilities from her because of her sex and/or complaints of sex discrimination.

53.     On October 10, 2018, Plaintiff received a document from Brubaker, entitled "Formal Summary of Investigation / Determination re: Claims of Retaliation and Gender Discrimination."  The document stated the following: "As a result of our lack of findings, the investigation is closed with no further action pending."

54.     On October 11, 2018, in an email to Brubaker, Kucera, Ronniger, and Simmons, Plaintiff complained of sex discrimination and retaliation.

Case ID: 221001141

55.     Plaintiff complained that she was continuing to be treated in a hostile and dismissive manner, because of her sex and/or her complaints of sex discrimination, and worse than how male employees are treated.  Plaintiff provided examples, and further complained that "my responsibilities at Hershey Medical Center are being removed from me and I am being unjustly criticized for my performance, because of my sex and my complaints of sex discrimination.  I believe that I would not have these responsibilities removed or be criticized in this way if I were a man and had not complained."

56.     Defendant failed to take any action to remedy or prevent the continued sex discrimination and retaliation to which Plaintiff was subjected.

57.     On October 15, 2018, in response to an email from Brubaker, Plaintiff sent an email to Brubaker, Kucera, Ronniger, and Simmons, stating the following: "I was not interviewed or asked my side of the story before being removed from the Hershey account.  I had no control over several challenges that arose at the account location, including new sales reps who had little to no training on our equipment, product malfunction, and the installation deadlines.  I was committed to the project, did my best despite the challenges outside my control, and provided regular communication regarding the status of the project and various milestones.  I was then abruptly removed from the account, following my sex discrimination complaint."

58.     On October 15, 2018, Plaintiff received an email from Brubaker, stating the following: "In cases like this, we do not ask for the employee's side of the story.  We listen to our customer and work to preserve our ongoing business."

59.     On October 22, 2018, in a meeting with Ronniger, Brubaker, and McMillan Bixby Caldwell (male), Regional Sales Manager, Defendant terminated Plaintiff's employment, effective immediately.

8

Case ID: 221001141

60.     The stated reason for terminating Plaintiff's employment was poor results on Plaintiff's PIP.

61.     On October 22, 2018, Plaintiff received a letter from Defendant, signed by Ronniger, stating that "it has been determined that it is in the best interests of the Company to terminate your employment, effective today, Monday, October 22, 2018."

62.     Defendant terminated Plaintiff employment because of her sex and/or complaints of sex discrimination.

63.     Plaintiff was the only employee reporting to Ronniger that was terminated effective October 22, 2018.

64.     Defendant retained all other employees reporting Ronniger, all but two (2) of whom are male, and all employees that were reporting to Plaintiff, all of whom are male.

65.     Defendant assigned portions of Plaintiff job duties to Chenard.

66.     Plaintiff was more qualified and experienced to perform her position than the noncomplaining male employee who took over portions of her job duties.

67.     Defendant replaced Plaintiff with a noncomplaining male employee.

68.     Plaintiff was more qualified and experienced to perform her position than the noncomplaining male employee who replaced her.

69.     Defendant failed to provide any explanation, including the selection criteria, as to why she was terminated, and the noncomplaining male employees were retained.

70.     Defendant failed to take action to remedy or prevent the discrimination and/or retaliation to which Plaintiff was subjected.

71.     Defendant's comments and conduct evidence a bias against female employees.

Case ID: 221001141

72.     Defendant's sex discriminatory and retaliatory conduct would dissuade a reasonable employee from making complaints.

73.     Defendant's sex discriminatory and retaliatory conduct toward Plaintiff has caused her emotional distress.

74.     As a direct and proximate result of Defendant's discrimination and retaliation, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

75.     Defendant acted with malice and/or reckless indifference to Plaintiff's protected rights, which warrants the imposition of punitive damages against Defendant.

## **COUNT I – TITLE VII**

76.     Plaintiff incorporates herein by reference the preceding paragraphs as if set forth herein in their entirety.

77.     Plaintiff's sex was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of her.

78.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated Title VII.

79.     Defendant acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

80.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the losses set forth herein and has incurred attorneys' fees and costs.

Case ID: 221001141

81.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

82.     No previous application has been made for the relief requested herein.

## COUNT II – PHRA

83.     Plaintiff incorporates herein by reference the preceding paragraphs as if set forth herein in their entirety.

84.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the PHRA.

85.     Said violations were intentional and willful.

86.     As a direct and proximate result of the Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

87.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

88.     No previous application has been made for the relief requested herein.

## COUNT III – PFPO

89.     Plaintiff incorporates herein by reference the preceding paragraphs as if set forth herein in their entirety.

90.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the PFPO.

91.     Said violations were intentional and willful.

Case ID: 221001141

92.     As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

93.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of the Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

94. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of Title VII;

(b)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)     declaring the acts and practices complained of herein to be in violation of the PFPO;

(d)     enjoining and permanently restraining the violations alleged herein;

(e)     entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(f)     awarding damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

Case ID: 221001141

(g)    awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(h)    awarding punitive damages to Plaintiff against Defendant;

(i)    awarding Plaintiff other such damages as are appropriate under the Title VII, the PHRA, and the PFPO;

(j)    awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and,

(k)    granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

BY:    _____
Stephen G. Console, Esquire
(PA ID: 36656)
Colin Patrick Saltry, Esquire
(PA ID: 323464)
1525 Locust Street. 9th Floor
Philadelphia, PA 19102
(215) 545-7676

Dated: <u>January 13, 2023</u>                    *Attorneys for Plaintiff*

Case ID: 221001141

## **VERIFICATION**

I, Lisa Flynn, hereby state that I am the Plaintiff in this matter. I have read the statements contained in the foregoing pleading and I verify that the facts set forth therein are true and correct to the best of my knowledge, information, and belief. I also understand that the statements are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

Dated: Jan 13, 2023

_Lisa Flynn_
Lisa Flynn (Jan 13, 2023 10:06 EST)

Lisa Flynn

# Exhibit 1

Case ID: 221001141

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION



## **COMPLAINT**

COMPLAINANT:                                       :

**LISA FLYNN**                                     :          Docket No.
                                                   :
v.                                                 :
                                                   :
RESPONDENT:                                        :
                                                   :
**KARL STORZ ENDOSCOPY-AMERICA, INC.** :                                  :

1.  The Complainant herein is:

    Name:        Lisa Flynn

    Address:     241 South 6th Street, Apt. 1302
                 Philadelphia, PA 19106

2.  The Respondent herein is:

    Names:       KARL STORZ Endoscopy-America, Inc.

    Address:     2151 E. Grand Avenue
                 El Segundo, CA 90245

3.  I, Lisa Flynn, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my sex (female) and retaliation because of my complaints of sex

discrimination, as set forth below:

### **Discrimination and Retaliation**

 **A. I specifically allege:**

 [1]  I began working at Respondent on or about January 30, 2006.  I

consistently performed my job duties in a highly competent manner.

Case ID: 221001141

[2]      I held the position of Manager, OR1 Field Operations Mid-Atlantic Region.

[3]      I worked out of my home office in Philadelphia, Pennsylvania.

[4]      I reported to Jeff Ronniger (male), Area Manager, OR1 Field Operations. Ronniger reported to Doug Simmons (male), Executive Director, OR1.

[5]      I was one (1) of two (2) female Manager employees directly reporting to Ronniger. The other three (3) Manager employees were male.

[6]      I was one (1) of two (2) female Manager employees indirectly reporting to Simmons. The other nineteen (19) Manager employees were male.

[7]      I was one (1) of two (2) female Managers of Field Operations at Respondent. The only other female Manager of Field Operations was hired within the last year.

[8]      All the employees reporting to me were male.

[9]      Respondent has an underrepresentation of female employees, particularly female employees in higher-ranking positions. For example, all of the employees holding an Area Manager position or higher in Field Operations are male.

[10]      Respondent treated me differently, and in a more hostile, dismissive, and critical manner, than it treated male and/or noncomplaining employees.

[11]      Respondent treated male employees, including my male supervisor and male subordinates, more favorably than female employees, including me.

[12]      Respondent routinely undermined my authority, and Ronniger and my direct reports—all of whom were male—circumvented me with regard to, and excluded me from, information necessary to do my job.

[13]     My male direct reports did not like reporting to me because I am female, and made complaints about me because I am female.  For example, one of my male direct reports accused me of emasculating him.

[14]     Respondent validated and encouraged my male direct reports and male supervisor in unjustified and unwarranted complaints about me and my performance.

[15]     On August 23, 2018, in a meeting with Ronniger and Bethany Kucera (female), Human Resources Site Supervisor, Respondent placed me on a Performance Improvement Plan ("PIP").  The PIP stated that, "for the most part, the region has been successful and there have been few incidents and/or complaints," but that there had been a "significantly high turnover rate during [my] leadership" and that "within the past several months" there have been "an unusually high number of complaints regarding [my] management and treatment of [my] direct reports and other coworkers," including that "others would rather not have [me] as a manager."  The PIP contained false statements, inaccurate information, and/or mischaracterizations.  I was blindsided.  Before the meeting, I had no indication that my job was in jeopardy and for the six (6) years of my employment had never received any documentation stating that my performance was deficient.

[16]     On September 13, 2018, in an email to Respondent, including Ronniger, Simmons, Kucera, and Paul Brubaker (male), Human Resources Consultant, I responded to the PIP and complained of sex discrimination.  I stated that I was "writing to provide some background on, and examples of, the manner in which I have been treated as a female manager." I complained that "I believe that I am being discriminated against because of my sex, and that I am being treated differently, and worse, than male employees are treated.  I am not shown the same respect and support from my male supervisor and male direct reports as male managers in

Case ID: 221001141

my position are shown.  I am criticized, and more harshly, than male employees.  I believe that I would not have been placed on this PIP if I were male."

[17]     Following my complaints of sex discrimination, Ronniger was increasingly aggressive, hostile, and critical toward me.

[18]     On October 5, 2018, in a meeting with Brubaker and Kucera, I was told that Respondent concluded its investigation into my complaints of sex discrimination, that Respondent found no evidence to support my allegations, and that Respondent will take no further action with regard to my sex discrimination complaints.

[19]     Respondent failed to investigate my complaints that I was being discriminated against because of my sex by my male direct reports.

[20]     On October 8, 2018, in a meeting with Brubaker, Kucera, and Ronninger, I was unjustly criticized for not taking my PIP seriously and for allegedly bullying a male employee.

[21]     On October 9, 2018, I received an email from Ronniger, stating that certain of my job duties and responsibilities, at the Hershey Medical Center, were being removed from me and given to Beau Chenard (male), Project Manager.  Chenard held a lower level position, and had less experience, than me.  The stated reason for removing these job duties and responsibilities, and giving them to Chenard, was alleged complaints about me.

[22]     Respondent removed certain of my job duties and responsibilities from me because of my sex and/or complaints of sex discrimination.

[23]     On October 10, 2018, I received a document from Brubaker, entitled "Formal Summary of Investigation / Determination re: Claims of Retaliation and Gender

Case ID: 221001141

Discrimination." The document stated the following: "As a result of our lack of findings, the investigation is closed with no further action pending."

[24]     On October 11, 2018, in an email to Brubaker, Kucera, Ronniger, and Simmons, I complained of sex discrimination and retaliation. I complained that I was continuing to be treated in a hostile and dismissive manner, because of my sex and/or my complaints of sex discrimination, and worse than how male employees are treated. I provided examples, and further complained that "my responsibilities at Hershey Medical Center are being removed from me and I am being unjustly criticized for my performance, because of my sex and my complaints of sex discrimination. I believe that I would not have these responsibilities removed or be criticized in this way if I were a man and had not complained."

[25]     Respondent failed to take any action to remedy or prevent the continued sex discrimination and retaliation to which I was subjected.

[26]     On October 15, 2018, in response to an email from Brubaker, I sent an email to Brubaker, Kucera, Ronniger, and Simmons, stating the following: "I was not interviewed or asked my side of the story before being removed from the Hershey account. I had no control over several challenges that arose at the account location, including new sales reps who had little to no training on our equipment, product malfunction, and the installation deadlines. I was committed to the project, did my best despite the challenges outside my control, and provided regular communication regarding the status of the project and various milestones. I was then abruptly removed from the account, following my sex discrimination complaint."

[27]     On October 15, 2018, I received an email from Brubaker, stating the following: "In cases like this, we do not ask for the employee's side of the story. We listen to our customer and work to preserve our ongoing business."

Case ID: 221001141

[28]     On October 22, 2018, in a meeting with Ronninger, Brubaker, and McMillan Bixby Caldwell (male), Regional Sales Manager, Respondent terminated my employment, effective immediately.  The stated reason for terminating my employment was poor results on my PIP.

[29]     On October 22, 2018, I received a letter from Respondent, signed by Ronniger, stating that "it is been determined that it is in the best interests of the Company to terminate your employment, effective today, Monday, October 22, 2018."

[30]     Respondent terminated my employment because of my sex and/or complaints of sex discrimination.

[31]     I was the only employee reporting to Ronniger that was terminated effective October 22, 2018.

[32]     Respondent retained all other employees reporting to Ronniger, all of whom are male, and all employees that were reporting to me, all of whom are male.

[33]     Respondent will assign portions of my job duties to Chenard.  I am more qualified and experienced to perform my position than the noncomplaining male employee who will take over portions of my job duties.

[34]     Respondent failed to provide any explanation, including the selection criteria, as to why I was terminated and the noncomplaining male employees were retained.

[35]     Respondent failed to take action to remedy or prevent the sex discrimination and/or retaliation against me.

[36]     Respondent's comments and conduct evidence a bias against female employees.

[37]      Respondent's sex discriminatory and retaliatory conduct toward me has caused me emotional distress.

**B.**  Based on the aforementioned, I allege that Respondent has discriminated against me because of my sex (female) and retaliated against because of my complaints of sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.      The allegations in Paragraph 3 hereof constitute unlawful discriminatory and retaliatory practices in violation of:

   **X**      **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):   (a); (d)**

   _____      Section 5.1 Subsection(s) _____

   _____      Section 5.2 Subsection(s) _____

   _____      Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.      Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

   **X**      **This charge will be referred to the EEOC for the purpose of dual filing.**

6.      The Complainant prays that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

(c) Remedy the discriminatory and retaliatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

Case ID: 221001141

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

11/5/2018
(Date Signed)

(Signature)   Lisa Flynn
241 South 6th Street, Apt. 1302
Philadelphia, PA 19106

Case ID: 221001141

# Exhibit 2

Case ID: 221001141

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Lisa Flynn
241 South 6th Street, Apt. 1302
Philadelphia, PA 19106

Charge No: 17F-2020-60160

EEOC Representative and email:   Damon A. Johnson
State, Local and Tribal Program Manager
Damon.Johnson@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC is closing this charge because: The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
07/19/2022
Karen McDonough
Deputy District Director

*Cc:*
*For Respondent:*

*Andrew B Kaplan*
*Webster Kaplan Sprunger, LLP*
*1925 Century Park East*
*Los Angeles, CA 90067*

For Charging Party:

Colin P Saltry
Console Mattiaci Law
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.